U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY 22 2014

TONY R. MO---, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| LSREF2 BARON, LLC | CIVIL ACTION NO. 13-2910 |
| versus | JUDGE TOM STAGG |
| PATSY T. LINDSEY, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court are two motions filed by the plaintiff, LSREF2 BARON, LLC ("Baron"): a motion for summary judgment against defendant Patsy T. Lindsey ("Lindsey") and a motion for default judgment against defendant L.A.J., Inc. of Delaware ("LAJ"). See Record Documents 21 and 22. Both motions are unopposed. For the foregoing reasons, Baron's motion for default judgment is **GRANTED** and Baron's motion for summary judgment is **GRANTED.**

## I. BACKGROUND[1]

Baron is the holder and owner of three promissory notes ("the Notes") executed by LAJ, which were originally executed in favor of Regions Bank ("Regions"). The first note ("Note One"), dated February 1, 2008, is for an original principal sum of $1,801,000.00. See Record Document 1, Ex. 1. The second note ("Note Two"), dated February 28, 2008, is for an original principal sum of $353,640.00. See id., Ex. 2. The third note ("Note Three"), dated May 12, 2008, is for an original principal sum of $60,000.00. See id., Ex. 3. The total original principal of the Notes was $2,214,640.00. Lindsey executed a Commercial Guaranty, guaranteeing payment of the Notes. See id., Ex. 7. The Notes are further secured by eleven multiple indebtedness mortgages ("the Mortgages") over immovable property located in Bossier Parish, executed by LAJ in favor of Regions and all future holders. See id. at ¶ 11, Exs. 8–18. Baron is the current holder of the Mortgages. See id. at ¶¶ 12-15, Exs. 19–27.

After defaulting on each of the Notes, LAJ applied for relief under the United States Bankruptcy Code in case number 10-BK-11464 in the United States

---

[1] The facts set forth herein are taken as true from Baron's complaint because it was not opposed by LAJ and was admitted almost in its entirety by Lindsey. See Record Document 12. Additional facts from Baron's statement of material facts in support of its motion for summary judgment are deemed admitted because those facts were not properly controverted by the defendants. See Local Rule 56.2.

Bankruptcy Court of the Western District of Louisiana. See id., Ex. 4. The bankruptcy court confirmed LAJ's proposed bankruptcy plan on August 29, 2011. See id., Ex. 6. Pursuant to the bankruptcy plan, LAJ was to make monthly payments on the Notes. See id. at ¶ 6, Exs. 4 and 5. Regions, which still held two of the three Notes, explicitly retained "all of its rights against all guarantors," but agreed not to pursue claims against any guarantors "unless [LAJ] defaults on its reorganized obligations . . . ." Id., Ex. 4 at 10. See also id., Ex. 5 at 10. Regions and LAJ further explicitly agreed that the proposed bankruptcy plan did not constitute a novation of the debts. See id., Ex. 5 at 10.

According to Baron, LAJ has failed to make the required monthly payments on each of the Notes since August 22, 2012. See id. at ¶ 7. As set forth in Baron's complaint, Note One has a remaining principal balance of $1,718,592.87, together with $160,971.07 in interest accrued through October 7, 2013, late fees of $4,366.81, and post-default interest after October 7, 2013, at an interest rate of 21% per annum. See id. at ¶ 9(a). Note Two has a remaining principal balance of $381,297.41, together with $34,905.27 in interest accrued through October 7, 2013, late fees of $968.84, and post-default interest after October 7, 2013, at an interest rate of 21% per annum. See id. at ¶ 9(b). Note Three has a remaining principal balance of $80,900.58, together with $7,739.30 in interest accrued through October 7, 2013, late

fees of $205.56, and post-default interest after October 7, 2013, at an interest rate of 18% per annum. See id. at ¶ 9(c). Because of LAJ's failure to make the agreed-upon payments, Baron is exercising its option to declare the entire unpaid balances of all three notes to be immediately due and collectible. See id. at ¶ 8.

Baron has also paid a number of "Additional Advances" in relation to the Mortgages securing the Notes. For instance, on or about December 18, 2012, Baron paid $16,315.11 to the Bossier Parish Sheriff and $3,913.01 to the City of Bossier City, a total of $20,228.12, for payment of taxes owed on property subject to the Mortgages. The Mortgages expressly allowed Baron to pay property taxes if LAJ did not, and these payments were an "Additional Advance" for which LAJ is responsible to pay back with an interest rate of 21% per annum from the date of the advances. See id. at ¶ 16. Additionally, Baron paid a total of $1860.08 ($1,251.02 on April 30, 2013, $309.52 on May 31, 2013, and $299.54 on June 30, 2013) in "Additional Advances" to obtain insurance protecting its interests in the property subject to the mortgages. LAJ is responsible to pay these advances back with an interest rate of 21% per annum from the date of the advances. See id. at ¶ 17.

Baron brought the instant lawsuit on October 22, 2013, against Lindsey and LAJ. See id. A summons was issued for both Lindsey and LAJ on October 24, 2013, and executed on both defendants on November 6, 2013. See Record Documents 3

and 15. The summons provided: "Within the time required by law, normally 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." See Record Document 3. Lindsey filed an answer to the complaint on December 2, 2013. See Record Document 12. No responsive pleading of any kind has been filed by LAJ.

On December 30, 2013, Baron filed a request for the Clerk of Court to enter a default against LAJ. See Record Document 19. The Clerk of Court filed a "Notice Of Entry Of Default" into the record on January 2, 2014. See Record Document 20. Thereafter, Baron filed the instant motion for a default judgment. See Record Document 22. LAJ still has not filed any responsive pleadings and has made no appearance. The motion for a default judgment is unopposed. Baron subsequently filed the instant motion for summary judgment against Lindsey. See Record Document 21. The motion for summary judgment is also unopposed.

## II. LAW AND ANALYSIS

**A.    Default Judgment Standard.**

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk of court enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered,

> plaintiff may apply for a judgment based on such default. This is a <u>default judgment</u>.

<u>New York Life Ins. Co. v. Brown</u>, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original)(internal citations omitted). Default judgments are generally disfavored, and whether a default judgment should be issued is left solely to the discretion of the court. See <u>Lindsey v. Prive Corp.</u>, 161 F.3d 886, 892 (5th Cir. 1998). When considering whether to issue a default judgment, the court should consider

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

<u>Id.</u>

The court finds that Baron has shown sufficient grounds to enter a default judgment against LAJ. This lawsuit was served on LAJ on November 6, 2013. LAJ failed to file any responsive pleading. The Clerk of Court entered a default against LAJ on January 2, 2014. Pursuant to Local Rule 55.1, a party can move for default judgment after at least fourteen days have elapsed following an entry of default by the Clerk of Court. The fourteen day waiting period elapsed well in advance of Baron filing the instant motion. LAJ has still failed to file any responsive pleadings and there is no evidence to suggest that LAJ's failure to respond is due to any good faith

mistake or excusable neglect. As discussed below in analyzing Baron's motion for summary judgment, there are no material issues of fact that would preclude a judgment for Baron. Therefore, Baron's motion for a default judgment against LAJ is **GRANTED**.

**B.    Summary Judgment Standard.**

Federal Rule of Civil Procedure 56(a) provides, in pertinent part:

> (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a

judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). Pursuant to Local Rule 56.2, all material facts set forth in Baron's statement of material facts are deemed admitted because Baron's motion for summary judgment is unopposed.

1. **Baron Has Established It Is Entitled To Judgment As A Matter Of Law Against LAJ On The Notes.**

The Fifth Circuit has recognized that suits on promissory notes present appropriate questions for summary judgment. See Fed. Deposit Ins. Corp. v. Cardinal Oil Well Servicing Co., Inc., 837 F.2d 1369, 1371 (5th Cir. 1988). To prevail on a cause of action on a promissory note against a debtor, the plaintiff must show that 1) the debtor signed it, 2) the plaintiff is the present holder of the note, and 3) the note is in default. See United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); F.D.I.C. v. Selaiden Builders, Inc., 973 F.2d 1249, 1254 (5th Cir. 1992). Signatures on negotiable instruments are presumed to be authentic unless specifically denied in the pleadings. See La. R.S. 10:3-308. Thus, there is no genuine dispute as to whether LAJ signed the Notes. Moreover, considering the uncontested facts alleged in

support of Baron's motion, there is no genuine dispute that Baron is the present holder of the Notes and the Notes are in default. See Record Document 21, Statement of Uncontested Facts at ¶¶ 2, 6-8. Therefore, Baron has established that it is entitled to judgment as a matter of law against LAJ for the remaining balances on the Notes, as well as additional advances made by Baron to pay for property taxes on the property subject to the Mortgages that secure the Notes.

2. **Lindsey Is Liable In Solido With LAJ As A Guarantor Of The Notes.**

Having established that LAJ is liable to Baron, the only remaining question is whether Baron can prevail on its claim against Lindsey as a guarantor of the Notes. The Commercial Guarantee executed by Lindsey expressly authorized the holder of the Notes to enforce the entirety of the debt against Lindsey as a solidarily liable guarantor. See Record Document 1, Ex. 7. The right to pursue claims against guarantors was expressly reserved in LAJ's bankruptcy plan. See Record Document 1, Ex. 4 at 10 ("Regions Bank shall retain all of its rights against all guarantors . . . ."); Ex. 5 at 10 ("Rights against others liable on the obligation represented by the [Notes] are reserved."). In the event that LAJ defaulted on its payments due under the bankruptcy plan, the holder of the Notes was specifically permitted to bring claims against guarantors. See id., Ex. 4 at 10; Ex. 5 at 10.

In her answer, Lindsey admitted all allegations asserted in the complaint, except to claim that the bankruptcy plan constituted a novation of Note One and therefore Baron cannot enforce that Note against her. See Record Document 12. "Novation is the extinguishment of an existing obligation by the substitution of a new one." La. Civ. Code art. 1879. Novation cannot be presumed, and the intent to extinguish an existing obligation must be "clear and unequivocal." La. Civ. Code art. 1880. The debtor must set forth "convincing proof" that the parties intended to effect a novation. Wainer v. A.J. Equities, Ltd., 984 F.2d 679, 684 (5th Cir. 1993). Lindsey has set forth no evidence to show that the bankruptcy plan was intended to effect a novation of Note One. In contrast, the approved bankruptcy plan provides that "the debts expressly are NOT novated and will not be novated . . . ." Record Document 1, Ex. 5 at 10. There is no genuine dispute as to any material fact that would preclude judgment in favor of Baron against Lindsey as guarantor of the Notes and all obligations therein. Therefore, Baron's motion for summary judgment against Lindsey is **GRANTED**.

### III. CONCLUSION

For the above stated reasons, Baron's motion for default judgment is **GRANTED** and Baron's motion for summary judgment is **GRANTED**.

Specifically, LAJ and Lindsey are found to be solidarily liable to Baron for the following amounts: (A) on Note One, $1,718,592.87 in principal, together with $160,971.07 in interest accrued through October 7, 2013, late fees of $4,366.81, and post-default interest accrued after October 7, 2013, at the post-default interest rate of 21% per annum; (B) on Note Two, $381,297.41 in principal, together with $34,905.27 in interest accrued through October 7, 2013, late fees of $968.84, and post-default interest accrued after October 7, 2013, at the post-default interest rate of 21% per annum; (C) on Note Three, $80,900.58 in principal, together with $7,739.30 in interest accrued through October 7, 2013, late fees of $205.56, and post-default interest accrued after October 7, 2013, at the post-default interest rate of 18% per annum; (D) $20,228.12 for additional advances made by Baron for the payment of taxes on the property burdened by the Mortgages, together with interest at the post-default rate of 21% per annum from the advance date of December 18, 2012; (E) $1,860.08 for additional advances made by Baron to maintain insurance protecting Baron's interest in the property burdened by the Mortgages, together with interest at the post-default rate of 21% per annum from the dates of those respective advances; and (G) all costs of these proceedings.

Additionally, there shall be judgment in favor of Baron maintaining the writ of sequestration previously issued by this court, cancelling the security furnished by

Baron to obtain said writ, and recognizing Baron's mortgages encumbering the sequestered property as security for the aforementioned sums owed by LAJ and Lindsey to Baron.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this, the 21st day of May, 2014.

_____
JUDGE TOM STAGG